IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAY 2 6 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| FRED KENNEDY BLACKMON, | § | |
| TDCJ-CID #1043284, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4222 |
| | § | |
| DOUGLAS DRETKE, | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER ON DISMISSAL

State inmate Fred Kennedy Blackmon filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2001 state felony conviction. Respondent filed a motion for summary judgment. (Docket Entry No. 10.) The record shows that petitioner was served with a copy of respondent's motion, and that he has been afforded a reasonable period of time to respond. No response appears in the record. After considering the pleadings, the motion, the record, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment, and **DISMISSES** this petition as time-barred.

### I. PROCEDURAL HISTORY

The record shows that on May 2, 2001, petitioner was convicted of the felony offense of aggravated sexual assault of a child, and was sentenced to sixty years confinement. The state court of appeals affirmed the conviction on May 15, 2002. *Blackmon v. State*, 80 S.W.3d 103 (Tex. App. – Texarkana 2002, pet. ref'd). According to Texas Court of Criminal Appeals records, petitioner's petition for discretionary review was refused on December 11, 2002. On February 6, 2004, petitioner filed a state habeas application, which was denied by

the Texas Court of Criminal Appeals on August 25, 2004, without a written order and based on the findings of the trial court without a hearing. Petitioner filed this pending federal petition on October 26, 2004, complaining of ineffective assistance of counsel, improper notice of extraneous offenses, and lack of access to trial records.

## II.   DISCUSSION

### A.   The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

>pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitations at the conclusion of direct review or the expiration of the time for seeking such review. As noted above, the Texas Court of Criminal Appeals refused discretionary review on December 11, 2002. Although petitioner did not file a petition for a writ of *certiorari* to the United States Supreme Court, his time to do so expired ninety days later, on March 11, 2003. *See* SUP. CT. R. 13.1. That date triggered the AEDPA statute of limitations, which expired one year later on March 11, 2004. Petitioner's pending federal petition, filed on October 26, 2004, was filed approximately 232 days beyond expiration of limitations, and is time-barred unless an exception applies.

**B.     Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner's state habeas application was filed on February 6, 2004, and denied by the Texas Court of Criminal Appeals on

3

August 25, 2004, a total of 201 days. As a result, this federal petition was filed approximately one month late.

### C. Equitable Tolling

The AEDPA limitations period may be equitably tolled in "rare and exceptional circumstances." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000). The decision whether to equitably toll the AEDPA's limitations provision is left to the discretion of the district court. *Cousin v. Lensing,* 310 F.3d 843, 848 (5th Cir. 2002). Generally, equitable tolling applies only where the petitioner is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999). Ignorance of the law or lack of legal assistance, even for an incarcerated petitioner, generally does not justify untimely filing. *Felder,* 204 F.3d at 171.

The petition does not reveal any exceptions to or grounds for application of equitable tolling provisions. *See, e.g., Soriano v. Dretke,* 90 Fed. Appx. 449 (5th Cir. 2004). Accordingly, there is no statutory or other basis to save petitioner's untimely petition. This pending habeas petition is barred by the applicable one-year limitations period, and is dismissed.

### III. CERTIFICATE OF APPEALABILITY

The Court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The substantive and procedural issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve

encouragement to proceed further. *See Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). A certificate of appealability is **DENIED**.

Respondent's motion for summary judgment is **GRANTED**. (Docket Entry No. 10.) Habeas relief is **DENIED,** and this case is **DISMISSED** with prejudice. Any other pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 25th day of May, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE